JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} T.W., a minor, appeals from the juvenile court's decision adjudicating him to be delinquent by reason of having committed escape, an offense which, if committed by an adult, would constitute a third degree felony. He contends that jeopardy attached when he previously admitted to delinquency by reason of having committed misdemeanor escape, and therefore the court could not place him in jeopardy again with the current felony charge.
 {¶ 2} A complaint filed July 20, 2006 charged that appellant broke or attempted to break detention, and that the act for which he was detained was not a felony. A warrant was issued and appellant was detained following his arrest. An adjudicatory hearing was scheduled for August 30, 2006.
 {¶ 3} At the adjudicatory hearing, appellant expressed a desire to admit to the complaint. The magistrate engaged in a colloquy with appellant after which it accepted the admission and found him to be delinquent. Immediately after the magistrate orally accepted appellant's admission, however, an "unidentified speaker" informed the magistrate that the complaint erroneously described the act upon which appellant was being held as a misdemeanor. Appellant was actually being held on a third degree felony, which raised the level of this offense to a felony. Over the objection of the juvenile's counsel, the magistrate vacated the adjudication of delinquency and allowed the prosecutor to amend the complaint. *Page 4 
 {¶ 4} A few moments later, appellant, through counsel, agreed to the amendment of the complaint. Appellant then admitted to the amended complaint, and the magistrate found him to be delinquent. The magistrate proceeded immediately to disposition and committed appellant to the custody of the Ohio Department of Youth Services for a minimum period of six months. The court independently reviewed the matter and approved and adopted the magistrate's decision.
 {¶ 5} Appellant now asserts that the adjudication of delinquency on the misdemeanor escape charge placed him in jeopardy. Therefore, he claims, the Fifth Amendment to the United States Constitution precluded the second prosecution for felony escape.
 {¶ 6} Acceptance of a guilty plea or an admission to delinquency is qualitatively different from a fact-finder's determination of guilt. It does not carry with it the same expectation of finality that a jury verdict or a judgment and sentence does. Among other things, the acceptance of a plea or admission to a lesser offense carries with it no implied acquittal of a greater offense. Ohio v. Johnson (1984),467 U.S. 493. 501-502; Jeffers v. United States (1977), 432 U.S. 137. In a case such as this, where the appellant's admission was accepted and then vacated within a single proceeding, appellant was not placed in jeopardy in any meaningful sense. United States v. Santiago Soto
(1st Cir. 1987), 825 F.2d 616, 620. *Page 5 
 {¶ 7} In any case, although the magistrate indicated that he had accepted appellant's admission, the court did not. "A magistrate's decision is not effective unless adopted by the court." Juv.R. 40(D)(4). Until the magistrate's decision was adopted by the court, jeopardy did not attach. United States v. Bearden (6th Cir. 2001), 274 F.3d 1031, 1036-38.
 {¶ 8} We find jeopardy did not attach when the magistrate accepted appellant's admission to the misdemeanor escape charge. Therefore, the double jeopardy clause did not preclude appellant's prosecution for felony escape.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J. CONCUR *Page 1