[Cite as *State v. Blankenshp*, 2016-Ohio-5458.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellant

    v.

LORI BLANKENSHIP

    Appellee

C.A. Nos.    14CA0097-M
                  14CA0098-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    14TRC04567-A
                  14TRC04576-B

DECISION AND JOURNAL ENTRY

Dated: August 22, 2016

---

MOORE, Judge.

{¶1} The State of Ohio appeals from two judgments of the Wadsworth Municipal Court. We affirm.

I.

{¶2} In 2014, Lori M. Blankenship was cited with OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). At her arraignment, Ms. Blankenship entered a no contest plea. In two entries dated September 24, 2014, the trial court dismissed the charges, due to its conclusion that the ticket was defective.

{¶3} Thereafter, the State filed a new ticket based upon the same incident, again charging Ms. Blankenship with OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). The new ticket attempted to resolve the purported deficiencies that the trial court found were present with respect to the first ticket. Ms. Blankenship moved to dismiss the new citation on

double jeopardy grounds. The trial court granted the motion in a journal entry dated October 23, 2014, in which it stated that "[d]ouble [j]eopardy attached when [the] court accepted [the] no contest plea."

{¶4}    The State filed notices of appeal from the September 24, 2014 and October 23, 2014 entries. Thereafter, it moved to consolidate the appeals, and we granted the motion. The State now presents three assignments of error for our review. We have consolidated the first and second assignments of error to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING THE CITATION FOR A FAILURE TO INCLUDE THE DATE AND TIME OF THE OFFENSE.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT SHOULD HAVE AMENDED, OR GAVE THE PROSECUTING ATTORNEY AN ATTEMPT TO AMEND, THE CHARGING DOCUMENT TO CORRECT ANY CLERICAL ERRORS.

{¶5}    In the State's first and second assignments of error, it maintains that the trial court erred in dismissing the first ticket. We conclude that the State forfeited the arguments advanced in its first and second assignments of error.

{¶6}    Here, at the arraignment on the first ticket, Ms. Blankenship advised the trial court that she wished to plead no contest. Thereafter, the trial court, upon review of the first ticket, concluded that the ticket was defective for its failure to list the date and time of, and conduct constituting, the offenses charged.

{¶7}   Our review of the transcript reveals that at no point during the arraignment did the State object to the dismissal of the ticket or move to amend the ticket.[1]  "It is a well-established rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."  (Internal quotations and citations omitted.)  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21.  Although a party who forfeits an argument still may argue plain error on appeal "this Court 'generally will not undertake a plain-error analysis if [the appellant] fails to do so.'"  *See State v. Wallace*, 9th Dist. Lorain Nos. 14CA010609, 14CA010610, 2015-Ohio-4222, ¶ 20, quoting *State v. Thomas*, 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 15.  Here, the record does not establish the State challenged the trial court's determination that the ticket was "defective" or requested the opportunity to amend the ticket at the arraignment.  Having failed to do, it has forfeited its arguments, and it makes no plain error argument on appeal.  For these reasons, the State's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

ASSUMING *ARGUENDO* THAT THE FIRST TICKET WAS DEFECTIVE, THE TRIAL COURT ERRED IN DISMISSING THE RE-FILED CASE ON DOUBLE JEOPARDY GROUNDS.

{¶8}   In its third assignment of error, the State argues that, if we conclude that the trial court properly dismissed the ticket in the first proceeding, we must necessarily conclude that the trial court did not have jurisdiction at the time it accepted Ms. Blankenship's plea in the first proceeding, and, the trial court erred in dismissing the second proceeding on double jeopardy

---

[1] It is not apparent from the record that a representative from the State was present at the arraignment.  However, we will not presume the State's absence from a silent record.  Further, no argument to this extent has been advanced by the State in its brief.

grounds. In its merit brief, the State advances no argument that jeopardy did not attach in the first proceeding because the trial court *did not accept the plea* in the first proceeding. Instead, it argues that jeopardy did not attach to the first proceeding only because the trial court *did not have jurisdiction* to accept the plea if the ticket was defective. As the State raises only a jurisdictional issue in challenging the trial court's decision granting Ms. Blankenship's motion to dismiss, we likewise limit our discussion.

{¶9} In support of its third assignment of error, the State relies heavily on the Fifth District's decision in *State v. McKittrick*, 5th Dist. Fairfield No. 11-CA-36, 2011-Ohio-5899, for the proposition that "[a] valid complaint is a necessary condition precedent for the trial court to obtain jurisdiction in a criminal matter." *Id.* at ¶ 14. However, *McKittrick* held that a complaint prepared pursuant to Traf.R. 3, as is the case in the present matter, "simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand" *See id.* at ¶ 14, and *Barberton v. O'Connor*, 17 Ohio St.3d 218 (1985). Here, the original ticket charged Ms. Blankenship with OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). Accordingly, the trial court had jurisdiction in the first proceeding. Therefore, the State's third assignment of error is overruled.

III.

{¶10} The State's assignments of error are overruled. The decision of the trial court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
CONCURS.

SCHAFER, J.
DISSENTING.

{¶11} I respectfully dissent because I believe that the trial court erred by dismissing the second citation on double jeopardy grounds.

{¶12} The Double Jeopardy Clause of Fifth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment to the United States Constitution, *Benton v. Maryland*, 395 U.S. 784, 794 (1968), states that "[n]o person shall be * * * subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy provision in Article I, Section 10 of the Ohio Constitution is coextensive with the United States

Constitution's protection. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 14. The Double Jeopardy Clause provides a criminal defendant with three basic protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *State v. Goodman*, 9th Dist. Medina No. 3220-M, 2002 WL 274639, *2 (Feb. 27, 2002). As is relevant to this matter, this Court has previously declared that a defendant is placed in jeopardy "'at the time the trial court exercise[s] its discretion to accept a no contest plea.'" *Id.* at *3, quoting *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 382 (1978); *see also State, ex rel. Leis v. Gusweiler*, 65 Ohio St.2d 60, 61 (1981).

{¶13} Here, the State argues that if the first citation issued to Ms. Blankenship was defective, then the trial court lacked jurisdiction to accept her no contest plea and jeopardy never attached. Accordingly, the State asserts that it should have been permitted to issue a successive citation and proceed with its prosecution of Ms. Blankenship for OVI. While I agree with the majority's determination that the State's merit brief failed to properly identify the issue implicated in this matter, I do not think that the State's error is fatal to their appeal.

{¶14} Contrary to the argument put forth in the State's merit brief, the crux of this matter is not whether the trial court lacked jurisdiction to accept Ms. Blankenship's plea, but rather whether jeopardy attached when Ms. Blankenship proffered her no contest plea at arraignment, which would bar the State from seeking a successive prosecution for OVI. Although the State's merit brief concedes that Ms. Blankenship entered a no contest plea and that the trial court "properly accepted" her plea, the State clearly abandoned this position in its reply brief and at oral argument and proceeded under the theory that the trial court did not accept Ms. Blankenship's no contest plea. Additionally, the State assigned as error the trial court's

dismissal of the second case. Thus, I would determine that the State has properly preserved this issue for appellate review.

{¶15} After careful consideration of this issue, I would determine that jeopardy did not attach in this matter. The record reflects that Ms. Blankenship and the trial court engaged in the following colloquy at arraignment:

> Court: Are you prepared to enter a plea, or do you want to talk to the attorney first?
>
> Ms. Blankenship: Is there a possible no jail sentence?
>
> Court: Well, yes and no.
>
> Ms. Blankenship: Okay.
>
> Court: The less is I have to give you three [days], but I can also order as a first offender, you can go to a driver intervention program. It's like a three-day school at a hotel, but you're there for three days. But you do that instead of going to jail, so that is an option, so do you want to talk to an attorney to go to it?
>
> Ms. Blankenship: No. I'll enter no contest.
>
> Court: The Court finds – you understand with a no-contest plea, the Court – let me ask you this. Are you an American citizen and do you read, write, speak English?
>
> Ms. Blankenship: Yeah.

The trial court then proceeded to inform Ms. Blankenship of the rights she would be giving up by pleading no contest to the charges against her. The colloquy concluded with the following exchange:

> Court: You know all that. You still wish to plead no contest to the charge of operating a vehicle under the influence of alcohol?
>
> Ms. Blankenship: Yes.
>
> Court: Well, actually, the ticket is defective.
>
> Ms. Blankenship: It is? What does that –

Court: That means that – on further review, the officer never put a date, time, and place that this supposedly took place or that you were driving a vehicle.

Ms. Blankenship: Well, I wasn't. I was at a gas station.

Court: But you were in a vehicle?

Ms. Blankenship: Well, I was outside pumping gas.

Court: Yeah. But [the officer] never put any of that down, therefore, a no-contest plea – I'm dismissing the case because of the defective ticket. Now, [the State] could refile [the case], but at this point I'm dismissing it because the ticket is defective.

{¶16} The record indicates that Ms. Blankenship certainly proffered a no contest plea, but that the trial court never accepted that plea, either explicitly or implicitly. This is evidenced by the trial court's failure to formally accept Ms. Blankenship's no contest plea on the record, by the trial court's failure to explicitly find Ms. Blankenship guilty or not guilty, and by the trial court's initial note of caution to Ms. Blankenship that the State was able to refile the case. While the trial court later found[2] that it had accepted Ms. Blankenship's no contest plea, this post-hoc finding is not supported by the record. Since the trial court did not accept the no contest plea, I cannot conclude that the trial court's dismissal of the first citation was tantamount to a judgment of acquittal.

---

[2] At the October 23, 2014 hearing on Ms. Blankenship's motion to dismiss the State's successive citation on double jeopardy grounds, the trial court stated as follows:

[Ms. Blankenship] entered a no contest [plea]. The Court could not make a ruling of guilty based – or you know, based on the state of the charge, so I threw it out. So I did accept – I mean, she proffered the no-contest plea. She absolutely did, and I suppose I accepted it because once [the State] referred it, I did review the ticket, found that it was defective, and I dismissed it.

So at this point I'd have to say she did enter [the plea]. That's my recollection. So at this point, I think jeopardy does attach and I'm going to have to dismiss it, okay?

**{¶17}** As the trial court never accepted Ms. Blankenship's no contest plea, I would conclude that jeopardy never attached in this matter. As such, the State was not constitutionally barred from seeking a successive prosecution on the OVI charges. Thus, I would sustain the State's third assignment of error and find the first two assignments of error to be moot. Because the majority arrives at a contrary conclusion, I respectfully dissent.

APPEARANCES:

JAMES R. RUSSELL, JR., Attorney at Law, for Appellant.

ERIC M. HEDRICK, Assistant Public Defender, for Appellee.