[Cite as *State v. Williams*, 2016-Ohio-7345.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 16CA010900 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JORDAN L. WILLIAMS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR088770 |

DECISION AND JOURNAL ENTRY

Dated: October 17, 2016

MOORE, Presiding Judge.

{¶1} Defendant-Appellant Jordan L. Williams appeals from the judgment of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} In the early morning hours of January 5, 2014, Mr. Williams, Andre Jackson, and Jeris Geiger went to T&A bar in Elyria. As they were outside, Mr. Geiger pointed out a vehicle that he thought belonged to Diontay Spraggins. Because the vehicle looked like Diontay Spraggins' vehicle, Mr. Geiger assumed Diontay Spraggins was driving it. Mr. Williams and Diontay Spraggins were not on good terms and had had recent confrontations. Upon hearing that Diontay Spraggins was in the vicinity, Mr. Williams, who had a 9mm Glock semi-automatic pistol on his person, "turned around and pulled his gun out, cocked it back and said where?"

{¶3} When the vehicle pulled up to the bar, it was clear to Mr. Jackson that the driver was Antonio Spraggins, Diontay Spraggins' brother. The three approached the vehicle and Mr.

Geiger engaged in small talk with the driver. According to Mr. Jackson, Mr. Williams then hit the window with the gun and a shot went off. An additional one or two more shots were fired and Antonio Spraggins put the vehicle in reverse and began to back up. Antonio Spraggins' car proceeded backward, hit another car, and became lodged in a snowbank at an intersection. Mr. Williams, Mr. Jackson, and Mr. Geiger fled to Mr. Williams' vehicle. Mr. Williams drove and threw the gun in the back seat. As they drove by Antonio Spraggins' vehicle, Mr. Jackson picked up the gun and fired multiple shots at the vehicle. The three fled Elyria, and ultimately the state, before returning to Ohio and being arrested.

{¶4} The ensuing police investigation revealed that Antonio Spraggins was shot and killed by a single gunshot wound to the left arm that penetrated vital organs and was fired from a distance greater than contact but less than three feet. Thus, the evidence tended to support the conclusion that Mr. Williams fired the fatal shot.

{¶5} In February 2014, Mr. Williams was indicted on one count of murder in violation of R.C. 2903.02(A), one count of murder in violation of R.C. 2903.02(B) (felony murder), and one count of felonious assault in violation of R.C. 2903.11(A)(1). Two firearm specifications accompanied each of the charges.

{¶6} The matter proceeded to a jury trial. After the State rested, Mr. Williams' counsel moved, pursuant to Crim.R. 29, for an acquittal on the two murder counts, asserting that the evidence demonstrated the shooting was an accident. The trial court denied the motion but went on to discuss how the State would like to proceed on the felonious assault count. The trial court seemed to believe that the felonious assault count could not go to the jury because the felonious assault charge would be allied with the felony murder charge based upon felonious assault, and thus Mr. Williams could only be convicted of one of the charges. Upon that mistaken belief, the

trial court granted a Crim.R. 29 motion with respect to count three, felonious assault. Following that discussion, Mr. Williams' counsel did not make any additional motions regarding the remaining counts.

{¶7} After the defense rested, the jury was instructed on murder, felony murder, and reckless homicide as a lesser included offense of murder. While Mr. Williams' counsel requested an instruction on reckless homicide as a lesser included offense of felony murder, the trial court declined to give the instruction.

{¶8} The jury found Mr. Williams not guilty of murder. However, the jury did find him guilty of reckless homicide and felony murder. In addition, the jury found Mr. Williams guilty of one of the two firearm specifications accompanying each of the two counts.

{¶9} Prior to sentencing, Mr. Williams filed a Crim.R. 29(C) motion and a motion for a new trial. Mr. Williams argued that he was entitled to an acquittal on felony murder because the trial court had granted an acquittal on the felonious assault charge, the predicate offense for felony murder. Additionally, he asserted that he was entitled to a new trial based upon the same argument and because the jury should have been instructed on the lesser included offense of reckless homicide with respect to the felony murder count. The trial court denied his motions.

{¶10} Mr. Williams was sentenced to an aggregate term of 18 years to life in prison. Mr. Williams appealed, but this Court dismissed the appeal. We concluded we lacked jurisdiction because there was no journalized disposition of the felonious assault charge. *State v. Williams,* 9th Dist. Lorain No. 15CA010834 (Nov. 9, 2015). Thereafter, the trial court issued an entry stating that the trial court dismissed the count for felonious assault and the accompanying specifications pursuant to Crim.R. 29. Mr. Williams has again appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ALLOWING COUNT TWO, FELONY MURDER, TO REACH THE JURY SINCE COUNT THREE, THE PREDICATE OFFENSE, FELONIOUS ASSAULT, WAS DISMISSED PURSUANT TO CRIMINAL RULE 29 AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶11} Mr. Williams argues in his first assignment of error that the trial court erred in allowing the felony murder charge predicated upon felonious assault to reach the jury because the trial court granted a Crim.R. 29 motion with respect to the felonious assault charge.

{¶12} We begin our discussion by noting that this Court has held that "[a]n appellant's assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment." (Internal quotations and citation omitted.) *State v. Thomas,* 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 40. We thus confine our review accordingly. Within his assignment of error, Mr. Williams limits his challenge to the trial court's decision to allow the felony murder charge to reach the jury after the count for felonious assault was dismissed.

{¶13} After the State rested, Mr. Williams' counsel moved for acquittal on the murder and felony murder counts. In denying the motion the trial court concluded that the State's evidence, if believed, would support a conviction for murder. The trial court then, of its own accord, asked the State to discuss whether it planned to continue to pursue the felonious assault charge. The State indicated it did in fact plan to pursue the charge and saw no legal barrier to it doing so. The trial court then began to discuss whether the felonious assault charge would merge with the felony murder charge predicated upon felonious assault. The trial court believed that it would, and because of that, concluded that Mr. Williams could not be convicted of both offenses. The trial court then stated to the prosecutor that "[y]ou're not going to get a charge on felonious

assault, so don't argue it." However, the trial court went on to say that, "You can talk all you want about felonious assault as it relates to [felony murder], sure." The trial court indicated that the prosecutor would still need to prove the elements of felonious assault as it related to the felony murder and that the trial court would incorporate the elements of felonious assault into the jury charge for felony murder, but that the trial court was not willing to allow a separate charge of felonious assault to go to the jury. Thereafter, the trial court stated that it granted the Crim.R. 29 motion with respect to the felonious assault count and denied it with respect to the remaining charges. At that point in time, defense counsel did not move to dismiss the felony murder count based upon the "acquittal" on the felonious assault charge. In fact, defense counsel did not raise the issue until defense counsel filed the post-trial motions, after the jury was already discharged.

{¶14} Given these circumstances, we conclude that Mr. Williams failed to preserve the specific argument he has raised in his assignment of error. Mr. Williams did not object to the felony murder charge going to the jury after the trial court dismissed the felonious assault charge. "It is a basic premise that a defendant must bring an alleged error to the attention of the trial court at a time when the error can be corrected." *State v. Mills,* 9th Dist. Summit No. 21751, 2004-Ohio-1750, ¶ 4. Here, had Mr. Williams raised the issue prior to jury deliberations, the issue could have been resolved with the court avoiding the claimed error. Moreover, had the trial court determined a problem existed, the State would have also been presented with an opportunity to attempt to remedy the issue.[1] Because Mr. Williams failed to raise this issue at a point in time when it could have been avoided or corrected, he has forfeited this argument for purposes of appeal. *See id.* (applying waiver to an issue of juror misconduct). "Although a party

---

[1] For example, the State could have requested that the jury instruction on felony murder specified that felony murder could have been committed as a proximate result of either committing or *attempting to* commit felonious assault. *See* R.C. 2903.02(B).

who forfeits an argument still may argue plain error on appeal 'this Court "generally will not undertake a plain-error analysis if [the appellant] fails to do so."'" *State v. Blankenship,* 9th Dist. Medina Nos. 14CA0097-M, 14CA0098-M, 2016-Ohio-5458, ¶ 7, quoting *State v. Wallace,* 9th Dist. Lorain Nos. 14CA010609, 14CA010610, 2015-Ohio-4222, ¶ 20, quoting *Thomas*, 2015-Ohio-2935, at ¶ 15. As Mr. Williams has not argued plain error on appeal, we overrule his assignment of error on that basis.

**{¶15}** Mr. Williams' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY INSTRUCT THE JURY OF THE LESSER INCLUDED OFFENSE OF RECKLESS HOMICIDE, FOR COUNT TWO, MURDER.

**{¶16}** Mr. Williams argues in his second assignment of error that the trial court erred in failing to instruct the jury on the lesser include offense of reckless homicide with respect to the felony murder charge.

**{¶17}** "An appellate court reviews a trial court's refusal to give a requested jury instruction for abuse of discretion." *State v. Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 240. "The question of whether a particular offense should be submitted to the finder of fact as a lesser included offense involves a two-tiered analysis." *State v. Henry,* 9th Dist. Summit No. 27392, 2015-Ohio-5095, ¶ 13, quoting *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, ¶ 6. "The first tier, also called the 'statutory-elements step,' is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense." *Henry* at ¶ 13, quoting *Deanda* at ¶ 6, quoting *State v. Kidder*, 32 Ohio St.3d 279, 281 (1987). "The second tier looks to the evidence in a particular case and determines whether 'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant

of the lesser included offense.'" *Henry* at ¶ 13, quoting *Deanda* at ¶ 6, quoting *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 13. "Only in the second tier of the analysis do the facts of a particular case become relevant." *Henry* at ¶ 13, quoting *Deanda* at ¶ 6.

{¶18} "The trial court must give an instruction on a lesser included offense if under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." *State v. Wine,* 140 Ohio St.3d 409, 2014-Ohio-3948, ¶ 34; *see also State v. Coker,* 9th Dist. Summit No. 26862, 2014-Ohio-1210, ¶ 7. "In deciding whether to instruct the jury on a lesser-included or inferior-degree offense, the trial court must view the evidence in a light most favorable to the defendant." *State v. Meadows,* 9th Dist. Summit No. 26549, 2013-Ohio-4271, ¶ 8, citing *State v. Trimble,* 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 192, quoting *State v. Thomas,* 40 Ohio St.3d 213 (1988), paragraph two of the syllabus.

{¶19} The parties acknowledge that this Court has previously concluded that reckless homicide is a lesser included offense of felony murder. *See State v. Alston,* 9th Dist. Lorain No. 05CA008769, 2006-Ohio-4152, ¶ 47-48 (applying the test found in *State v. Deem,* 40 Ohio St.3d 205 (1988)); *see also Trimble* at ¶ 191. They have provided no basis to reconsider that conclusion.

{¶20} Accordingly, we proceed to the second step and examine the facts of this case in light of the statutory elements. In count two, Mr. Williams was charged with felony murder pursuant to R.C. 2903.02(B). The predicate offense presented to the jury was felonious assault. R.C. 2903.02(B) states that "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised

Code." R.C. 2903.11(A)(1), the predicate felony presented to the jury, provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." Former R.C. 2901.22(B).

{¶21} R.C. 2903.041(A), the statute prohibiting reckless homicide states that "[n]o person shall recklessly cause the death of another * * *." Former R.C. 2901.22(C) states that "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

{¶22} In the trial court, Mr. Williams' counsel did not indicate why he thought Mr. Williams was entitled to an instruction on the lesser included offense of reckless homicide with respect to felony murder. Instead, counsel merely generally objected to the trial court's failure to give the instruction. While on appeal, Mr. Williams now makes specific arguments, he did not do so below prior to the jury beginning deliberations. Additionally, on appeal, Mr. Williams has failed to cite any authority that would support these specific arguments. *See* App.R. 16(A)(7). Thus, we will broadly consider whether the trial court abused its discretion in failing to give a reckless homicide instruction as a lesser included offense of felony murder.

{¶23} After reviewing the evidence in a light most favorable to Mr. Williams, we cannot say the trial court abused its discretion in failing to give an instruction on reckless homicide. The evidence at trial indicated that Antonio Spraggins was killed by a single shot from a 9mm pistol

that was shot at a distance greater than contact but less than three feet. The testimony indicated that Mr. Williams was the only individual with a 9mm gun that close to the victim at the time of the shooting. There was uncontroverted testimony that when Mr. Williams heard that a vehicle owned by Diontay Spraggins had been seen outside the bar, Mr. Williams "turned around and pulled his gun out, cocked it back and said where?" Witnesses also testified that Mr. Williams and Diontay Spraggins had had recent disagreements, that Mr. Williams was seeking out Diontay Spraggins to fight him, and that Mr. Williams at times carried a gun in anticipation of the confrontations. There was additional testimony that as the vehicle pulled up to the bar, Mr. Jackson noticed that the individual was Antonio Spraggins and not Diontay Spraggins. Nonetheless, Mr. Williams approached the vehicle. The testimony indicated that Mr. Williams then hit the driver's side window of the vehicle with the gun, the window shattered, and the gun went off. Then at least one or two additional shots were fired.

{¶24} As Mr. Jackson, Mr. Geiger, and Mr. Williams got into Mr. Williams' vehicle to flee, Mr. Williams threw the gun in the backseat. Mr. Geiger then asked Mr. Williams whether he shot the driver and Mr. Williams stated that he did not hit him, he just scared him. As Mr. Williams drove back towards the vehicle driven by Antonio Spraggins, Mr. Jackson took the gun and fired several more shots at the vehicle.

{¶25} Mr. Geiger thus testified that he believed Mr. Jackson killed Antonio Spraggins while Mr. Jackson was shooting at the vehicle from Mr. Williams' vehicle. However, the physical evidence supports the conclusion that Antonio Spraggins was killed from a distance closer than a shot fired from another moving vehicle. Additionally, the trajectory analysis tended to indicate that the bullet that shattered the window was the bullet that killed Antonio Spraggins.

{¶26} After the incident, Mr. Williams was overheard to admit to breaking the window, but also indicated that the first shot was accidental. However, he was also overheard to admit to firing more than one shot.

{¶27} Even viewing the evidence in a light most favorable to Mr. Williams, the record supports the conclusion that Mr. Williams fired multiple shots at Antonio Spraggins' vehicle, one of which caused his death. There was additional testimony that, because the gun used was a semi-automatic weapon, the trigger would have had to have been pulled each time in order to cause each shot to be fired. While there was testimony that the initial shot was fired accidentally, and that shot was likely the shot that killed Antonio Spraggins, an additional shot or shots were fired that could only be attributed to Mr. Williams. Accordingly, we cannot say that the jury could have concluded that Mr. Williams did not act knowingly but instead acted recklessly. Irrespective of whether Mr. Williams' purpose was to cause serious physical harm to Antonio Spraggins, the testimony supports that his actions were knowing and not reckless. Hitting a loaded gun against a window causing a shot to go off and then firing an additional shot or shots towards the vehicle cannot be said to reasonably amount to reckless conduct. The fact that Mr. Williams fired an additional shot or shots after the "accidental" firing provides evidence that the "accidental" firing was not in fact accidental, and that instead, Mr. Williams acted knowingly. In other words, if the initial shot had truly been accidental and Mr. Williams was not acting to knowingly cause Antonio Spraggins serious physical harm, then it would have been reasonable for Mr. Williams to desist from firing additional shots. However, that is not what occurred. Instead, Mr. Williams fired at least one additional shot. The testimony supports the conclusion that Mr. Williams acted with an awareness that his conduct would probably cause serious physical harm to the occupant of the vehicle. *See* former R.C. 2901.22(B).

{¶28}  Given the limited argument made on the record to the trial court, and the evidence at trial, we cannot conclude the trial court abused its discretion in failing to give an instruction on reckless homicide with respect to the felony murder count.

{¶29}  Mr. Williams' second assignment of error is overruled.

III.

{¶30}  Mr. Williams' assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.