[Cite as *State v. Hartman*, 2017-Ohio-1089.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 15CA0090-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATHEW J. HARTMAN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 09CR0229 |

DECISION AND JOURNAL ENTRY

Dated: March 27, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Matthew J. Hartman, appeals the judgment of the Medina County Court of Common Pleas denying his two separate motions to dismiss. For the reasons set forth below, we dismiss part of Hartman's appeal and affirm the trial court's judgment.

I.

{¶2} On June 2, 2009, the Medina County Grand Jury indicted Hartman on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a first-degree felony. Hartman filed a suppression motion, which the trial court orally denied following a hearing on the matter. A jury ultimately found Hartman guilty of the sole offense contained in the indictment and the trial court thereafter sentenced him to five years in prison. Hartman appealed, and this Court reversed his conviction after concluding that the trial court erroneously permitted the jury to hear an unredacted recording of the 911 call, which contained prejudicial hearsay statements. *See State*

*v. Hartman*, 9th Dist. Medina Nos. 10CA0026-M, 10CA0031-M, 2012-Ohio-745, ¶ 29 (*Hartman I*).

{¶3} The State elected to retry Hartman. Prior to the second trial, the judge from Hartman's first trial recused himself and a new judge was assigned to the case. The jury again found Hartman guilty of aggravated burglary following the second trial and the trial court again sentenced Hartman to five years in prison. Hartman appealed and this Court reversed Hartman's conviction after determining that he was denied his constitutional right to a fair trial because of prosecutorial misconduct. *See State v. Hartman*, 9th Dist. Medina No. 12CA0057-M, 2013-Ohio-4407, ¶ 15 (*Hartman II*). Specifically, this Court concluded that the prosecutor's remarks during its initial closing argument and during rebuttal were improper and prejudicially affected Hartman's substantial rights. *Id*. at ¶ 25. In so holding, one judge explicitly admonished the prosecuting attorneys that they were "much too personally invested in this case to be objective" and hoped the Medina County Prosecutor's Office would consider reassigning the case for any retrial. *Id*. at ¶ 37 (Moore, J., concurring).

{¶4} While Hartman's appeal from his second trial was pending, Hartman's mother filed a petition for post-conviction relief on his behalf. On February 20, 2014, the trial court denied the petition on the basis that it was not properly before the court due to the fact that it was filed by his mother, a non-attorney. This Court subsequently affirmed the trial court's denial of Hartman's petition, concluding that it was proper for the trial court to refrain from entertaining the merits of the petition. *See State v. Hartman*, 9th Dist. Medina No. 13CA0018-M, 2014-Ohio-2226, ¶ 7-8 (*Hartman III*).

{¶5} On May 16, 2014, the Medina County Prosecutor filed a motion requesting that the trial court appoint the Cuyahoga County Prosecutor as a special prosecutor in this case. The

trial court ultimately granted that motion. Thereafter, the trial judge recused himself and the Supreme Court of Ohio subsequently assigned a third judge to the case.

{¶6} During the pretrial process, Hartman filed several motions. As relevant to this appeal, Hartman filed a motion to dismiss the case with prejudice on grounds that "the State's previous prosecuting attorneys and the prior trial courts * * * deliberately and willfully engaged in egregious misconduct, driven by bad faith." Specifically, Hartman contends that "the State and the trial courts have twice denied [him] his constitutional guarantees and denied him fair trials." The State filed a brief in opposition to Hartman's motion to dismiss, to which Hartman filed a reply brief in support of his motion to dismiss. Hartman also filed two suppression motions, both of which the State opposed. Lastly, Hartman filed a "motion to enforce his Fifth Amendment protections under the Double Jeopardy Clause," wherein he argues that the case should be dismissed with prejudice since the State failed to meet its burden of production in both the first and second trial. The State opposed this motion as well. On October 23, 2015, the trial court denied Hartman's motion to dismiss, "motion to enforce his Fifth Amendment protections under the Double Jeopardy Clause," and motions to suppress. Specifically, the trial court concluded that res judicata and the law-of-the-case doctrine prevented it from reconsidering the issues raised in Hartman's various motions either because this Court had previously ruled on those issues in *Hartman I* and *Hartman II*, or because Hartman had the ability to raise those issues in his prior appeals but failed to do so.

{¶7} Hartman filed this timely interlocutory appeal and raises three assignments of error for this Court's review.

II.

## Assignment of Error I

**The trial court erred by denying Mr. Hartman's motion to dismiss, with prejudice, on grounds of prosecutorial and judicial misconduct, where Mr. Hartman presented substantial and compelling evidence of a pattern of misconduct, and the State failed to rebut that proof.**

{¶8} In his first assignment of error, Hartman argues that the trial court erred by denying his motion to dismiss based on prosecutorial and judicial misconduct.

### A. Standard of Review

{¶9} We apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy. *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, ¶ 20 (*Anderson II*).

### B. Jurisdiction

{¶10} This Court initially questions its jurisdiction to consider this assignment of error since this Court has jurisdiction only to hear an appeal taken from a judgment or final, appealable order. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Brown v. ManorCare Health Servs.*, 9th Dist. Summit No. 27412, 2015-Ohio-857, ¶ 7, citing *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108 (Jan. 26, 2000).

{¶11} "Generally, a denial of a motion to dismiss in a criminal or civil case is not considered a final appealable order because the case will proceed to trial. If an adverse judgment is rendered, the denial of the motion to dismiss may be an assignment of error on [direct] appeal." *In re S.H.*, 5th Dist. Guernsey No. 10CA000023, 2010-Ohio-5741, ¶ 19, citing *Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 50 (8th Dist.1992), citing *State v. Eberhardt*, 56 Ohio

App.2d 193, 197-198 (8th Dist.1978). However, the Supreme Court of Ohio "has carved out a narrow exception to this rule where the criminal defendant asserts that he or she has previously been placed in jeopardy for the offense that is the subject of the new indictment." *State v. Mitchell*, 8th Dist. Cuyahoga No. 104314, 2017-Ohio-94, ¶ 12, fn. 2, citing *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, ¶ 61 (*Anderson I*) ("[A]n order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order."). Thus, this Court's review of a trial court's denial of a criminal defendant's motion to dismiss is strictly limited to the double jeopardy issue(s) raised therein.

{¶12} In this case, Hartman filed two separate motions to dismiss following this Court's decisions in *Hartman II* and *Hartman III*. The first motion to dismiss was based on prosecutorial and judicial misconduct, whereas the second motion to dismiss was based on the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Hartman's first assignment of error concerns his first motion to dismiss.

{¶13} Within his 69-page "motion to dismiss, with prejudice, on grounds of prosecutorial and judicial bad faith and misconduct," Hartman alleges approximately 17 instances during his first and second trial where the State and/or the respective trial judges "deliberately and willfully engaged in egregious misconduct, driven by bad faith." We note that many of Hartman's prosecutorial and judicial misconduct arguments are not double jeopardy claims and, thus, exceed the narrow scope of *Anderson I*. As such, we conclude that this Court is without jurisdiction to consider many of the arguments raised in Hartman's first motion to dismiss since Hartman is able to raise these non-double jeopardy related arguments on direct appeal. Accordingly, we confine our analysis of Hartman's first assignment of error strictly to the double jeopardy arguments contained in Hartman's first motion to dismiss.

### C. The Trial Court Properly Denied Hartman's First Motion to Dismiss

{¶14} To the extent that Hartman does raise a double jeopardy argument in his first motion to dismiss, he contends that the Double Jeopardy Clause bars retrials where bad faith conduct by a judge or prosecutor threatens to harass a defendant by means of successive criminal prosecutions. Specifically, Hartman cites to *State v. Daugherty*, 41 Ohio App.3d 91 (5th Dist.1987), wherein the Fifth District Court of Appeals determined that, under the facts of that specific case, the "accused ha[d] been sufficiently harassed by unlawful government procedure as to invoke the prohibition against unwarranted successive prosecutions within the meaning of the Double Jeopardy Clauses of the federal and state Constitutions." *Id*. at 94, citing *United States v. Dinitz*, 424 U.S. 600 (1976) (holding that the Double Jeopardy Clause bars retrials where bad-faith conduct by a judge or prosecutor threatens to harass a defendant by means of successive prosecutions or a declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict).

{¶15} We determine that Hartman's reliance upon *Daugherty* and *Dinitz* is misplaced as those cases are distinguishable from the present case. In *Daugherty*, the court of appeals reversed the defendant's conviction for driving under the influence after concluding that the defendant was entitled to a mistrial. Specifically, the *Daugherty* court determined that the Double Jeopardy Clause barred retrial since the defendant had "been sufficiently harassed by unlawful government procedure" where the prosecutor told the jury that evidence existed proving the defendant was not credible, but subsequently failed to introduce such evidence either at trial or at the post-trial hearing on the matter. *Id*.

{¶16} *Dinitz*, on the other hand, involved a scenario where a criminal defendant moved to dismiss an indictment on double jeopardy grounds following the declaration of a mistrial in

his first trial, but prior to the successive trial. *Dinitz* at 604-605. Although the United States Supreme Court ultimately concluded that retrial did not violate Dinitz's constitutional rights, it did hold that the Double Jeopardy Clause protects "a defendant against governmental actions intended to provoke mistrial requests and thereby subject defendants to the substantial burdens imposed by multiple prosecutions." *Id*. at 611-612.

{¶17} Here, however, the trial court did not declare a mistrial in either of Hartman's first two trials, nor did this Court determine that Hartman was entitled to a mistrial in *Hartman I* or *Hartman II*. Rather, a jury found Hartman guilty of aggravated burglary in both trials and this Court subsequently reversed those convictions on direct appeal. The Supreme Court of Ohio has explicitly "refuse[d] to equate, for the purpose of invoking the Double Jeopardy Clause, a declaration of a mistrial to a reversal on appeal." *State v. Liberatore*, 69 Ohio St.2d 583, 590-591 (1982), citing *United States v. Jorn*, 400 U.S. 470, 484 (1971). Moreover, the distinction between reprosecution after an appeal and reprosecution after a mistrial declaration is not negated merely because the prosecutorial misconduct that occurred in Hartman's second trial could have been grounds for a mistrial. *See id*. at 591. This is particularly true in this case because the State did not engage in impermissible closing arguments in order to goad Hartman into requesting a mistrial or to prejudice Hartman's prospects for an acquittal. *See id*., citing *Dinitz* at 611.

{¶18} Moreover, the Supreme Court of Ohio has held that "'[i]t is a "venerable principl[e] of double jeopardy jurisprudence" that "[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, * * * poses no bar to further prosecution on the same charge.""'" *State v. Tillman*, 119 Ohio App.3d 449, 458 (9th Dist.1997), quoting *Montana v. Hall*, 481 U.S. 400, 402 (1987), quoting *United*

*States v. Scott*, 437 U.S. 82, 90-91 (1978). "A reversal of a judgment in a criminal case merely places the state and the defendant in the same position as they were in before trial." *Liberatore* at 591. In this case, Hartman's conviction in both of the first two trials was not reversed based upon insufficient evidence. Thus, having determined that Hartman's reliance on *Daugherty* and *Dinitz* is misplaced, we conclude that the trial court did not err by denying Hartman's first motion to dismiss on the basis of judicial and prosecutorial misconduct.

{¶19} Accordingly, the double jeopardy arguments raised within Hartman's first assignment of error are overruled. Hartman's remaining arguments are dismissed.

### Assignment of Error II

**The trial court erred by denying Mr. Hartman's Double Jeopardy motion, where the State failed to prove essential elements of the charged crime during the first and second trials, thereby barring the State from a third trial on the same one-count indictment.**

{¶20} In his second assignment of error, Hartman argues that the trial court erred by denying his "motion to bar successive prosecution of the Defendant in violation of the Fifth Amendment's Double Jeopardy Clause." Specifically, Hartman contends that the trial court erred by denying his second motion to dismiss since the State failed to meet its burden of production in either of the first two trials. We, however, decline to address the merits of Hartman's assignment of error since it is precluded by the doctrine of res judicata.

### A. Standard of Review

{¶21} We again note that appellate courts apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the ground of double jeopardy. *Anderson II*, 148 Ohio St.3d 74, 2016-Ohio-5791, at ¶ 20.

### B. Law & Analysis

{¶22} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 787 (1969), states "nor shall any person be subject for the same offence or be twice put in jeopardy of life or limb[.]" Section 10, Article I of the Ohio Constitution contains a similar prohibition, which is coextensive with the federal constitutional protection. *State v. Resor*, 6th Dist. Huron No. H-08-028, 2010-Ohio-397, ¶ 11, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 14. "The [Double Jeopardy Clause] provides protection from a second prosecution for the same offense after an acquittal, protection against a second prosecution after a conviction and protection against multiple punishments for the same offense." *Resor* at ¶ 11, citing *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980) and *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). As this Court stated previously:

> "While the Double Jeopardy Clause protects a defendant from successive prosecutions for a single offense, society also has an interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." (Internal quotations and citation omitted.) *Brewer* at ¶ 16. Thus, "the United States Supreme Court has long recognized that double jeopardy will not bar retrial of a defendant who successfully overturns his conviction on the basis of trial error, through either direct appeal or collateral attack." *Id.* However, the Double Jeopardy Clause *does* bar "retrial when an appellate court reverses a conviction based solely upon the sufficiency of the evidence * * * [because] such a reversal is the equivalent of a judgment of acquittal, which affords the defendant absolute immunity from further prosecution for the same offense." *Id.* at ¶ 18.

*Hartman II*, 2013-Ohio-4407, at ¶ 9.

{¶23} In his second motion to dismiss, Hartman argues that it would be violative of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution to be tried a third time for aggravated burglary since the State failed to present sufficient evidence on a number of material elements in both the first and second trial. However, pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any

claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Res judicata applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006–Ohio–1245, ¶ 18.

**{¶24}** A review of the record in this matter indicates that Hartman did not challenge the sufficiency of the State's evidence on direct appeal following his first trial. *See Hartman I*, 2012-Ohio-745 (reversing conviction due to the admission of prejudicial hearsay evidence). Additionally, the record indicates that although Hartman did challenge the sufficiency of the State's evidence on direct appeal following his second trial, this Court explicitly concluded that the State met its burden of production in the second trial. *See Hartman II* at ¶ 29-31. Thus, because Hartman had the opportunity to raise the issue concerning the sufficiency of the State's evidence in his first appeal, and did raise this issue in his second appeal, we conclude that the doctrine of res judicata bars Hartman from raising this issue again.

**{¶25}** Hartman's second assignment of error is overruled.

### Assignment of Error III

**The deliberate altering of suppression hearing and trial transcripts voids any alleged "law of the case" obtained as a result of the permanently corrupted record.**

**{¶26}** In his third assignment of error, Hartman argues that this Court's prior decisions in *Hartman I* and *Hartman II* are voidable since the court reporter "filed a deliberately,

materially altered 'official' transcript of [his] first trial" with this Court, thus "forever tainting the record in this litigation and depriving [him] of the protections accorded by the Ohio and United States Constitutions." Hartman further contends that since this Court's decisions in *Hartman I* and *Hartman II* were "obtained by fraud and collusion," any purported law of the case or application of res judicata in this matter is void.

**{¶27}** This Court again questions its jurisdiction to consider this assignment of error since our review of a trial court's denial of a criminal defendant's motion to dismiss is *strictly limited* to the double jeopardy issue(s) raised therein. Although this jurisdictional issue was not raised by the parties, this Court has an obligation to raise it sua sponte. *See Whitaker-Merrell v. Geupel Const. Co.*, 29 Ohio St.2d 184, 186 (1972).

**{¶28}** Here, Hartman alleges that this Court's decisions in *Hartman I* and *Hartman II* are voidable due to being obtained by fraud and collusion, thus voiding any law of the case (and, by extension, the application of the doctrine of res judicata) in the instant appeal. While we acknowledge that this argument is tangentially related to Hartman's second assignment of error that was overruled on the basis of res judicata, we determine that the substance of this argument exceeds the scope of our review at this juncture. Significant to our analysis is the fact that Hartman does not make a double-jeopardy argument in this assignment of error. Accordingly, because the arguments contained in Hartman's third assignment of error exceed *Anderson I*'s narrow scope and can be raised on direct appeal, we conclude that this Court is without jurisdiction to consider this assignment of error at this time. *See Anderson I* at ¶ 53-59 (limiting appellate review of a trial court's denial of a motion to dismiss on double-jeopardy grounds to the double-jeopardy issues raised therein since the defendant would not be afforded a meaningful review of an adverse decision if forced to wait for final judgment as to all proceedings).

**{¶29}** Hartman's third assignment of error is dismissed.

## III.

**{¶30}** Hartman's double jeopardy arguments raised within his first and second assignments of error are overruled and the remainder of his assignments of error are dismissed. The judgment of the Medina County Court of Common Pleas is affirmed.

Appeal dismissed in part,
And judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MARILYN A. CRAMER, Attorney at Law, for Appellant.

MICHAEL C. O'MALLEY, Prosecuting Attorney, and CHRISTOPHER D. SCHROEDER, Assistant Prosecuting Attorney, for Appellee.