[Cite as *State v. Lawson*, 2018-Ohio-694.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

JAMES H. LAWSON

    Appellant

C.A. No.    16CA0081-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    16 TRC 01776

DECISION AND JOURNAL ENTRY

Dated: February 26, 2018

CALLAHAN, Judge.

{¶1}    James Lawson appeals from a judgment of the Medina Municipal Court denying his motion to dismiss. This Court affirms.

I.

{¶2}    Following a traffic stop on June 25, 2015, Mr. Lawson was charged with a first-degree misdemeanor for operating a vehicle under the influence of alcohol or drugs ("OVI") in case number 15TRC04417. The charging document, however, stated that the offense occurred on July 25, 2015.

{¶3}    On July 1, 2015, Mr. Lawson was arraigned before a magistrate. He pleaded no contest. The magistrate found him not guilty because "'the complaint alleges a date of violation (7-25-15) which hasn't occurred yet and is still in the future.'" The trial judge signed the magistrate's decision "subject to a timely objection from the State of Ohio."

{¶4} The State filed timely objections. Upon review, the judge found the magistrate "improperly accepted the plea of [n]o [c]ontest." The judge vacated the plea and the not guilty finding. The judge further dismissed the matter without prejudice. Mr. Lawson did not appeal the trial court's decision in that case.

{¶5} The State subsequently filed a new complaint in case number 16TRC01776. That complaint alleged that Mr. Lawson committed an OVI violation on June 25, 2015. Mr. Lawson filed a motion to dismiss based on double jeopardy. Following a hearing, the trial court denied the motion to dismiss.

{¶6} Mr. Lawson appeals, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING DEFEND[AN]T-APPELLANT'S MOTION TO DISMISS THE OVI COMPLAINT ON DOUBLE JEOPARDY GROUNDS, WHERE DEFENDANT-APPELLANT HAD PREVIOUSLY ENTERED A PLEA OF "NO CONTEST" TO THE SAME CHARGED OVI OFFENSE BEFORE THE COURT'S MAGISTRATE IN AN EARLIER-FILED COMPLAINT AND THE COURT'S MAGISTRATE HAD FOUND THE DEFENDANT-APPELLANT "NOT GU[I]LTY."

{¶7} In his sole assignment of error, Mr. Lawson argues that he was placed in jeopardy when he pleaded no contest and the magistrate found him not guilty in case number 15TRC04417 and, therefore, case number 16TRC01776 should have been dismissed on double-jeopardy grounds. This Court disagrees.

{¶8} Although the denial of a motion to dismiss is ordinarily not a final, appealable order, "the denial of a motion to dismiss on double-jeopardy grounds is a final, appealable order." *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, ¶ 26. When such an interlocutory appeal is taken, this Court's review "is strictly limited to the double jeopardy issue(s)." *State v.*

*Hartman*, 9th Dist. Medina No. 15CA0090-M, 2017-Ohio-1089, ¶ 11. This Court reviews the denial de novo. *Id.* at ¶ 9.

{¶9} "The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense." *State v. Kareski*, 137 Ohio St.3d 92, 2013-Ohio-4008, ¶ 14. These clauses provide three basic protections, namely protection (1) from a second prosecution for the same offense after an acquittal, (2) from a second prosecution for the same offense after a conviction, and (3) from multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).

{¶10} In the present case, Mr. Lawson's argument, that he was placed in jeopardy when the magistrate accepted his no contest plea and found him not guilty, implicates the first protection – a second prosecution following an acquittal. Mr. Lawson relies on *State v. Goodman*, 9th Dist. Medina No. 3220-M, 2002 Ohio App. LEXIS 802 (Feb. 27, 2002) and *State v. Blankenship*, 9th Dist. Medina Nos. 14CA0097-M, 14CA0098-M, 2016-Ohio-5458. Neither *Goodman* nor *Blankenship* is applicable to the current case as those cases concerned actions taken by a trial court judge, not a magistrate. *See Goodman* at *6 (issue "is whether jeopardy attached * * * when the trial court accepted [the defendant's] no contest plea and found him guilty of the charge"); *Blankenship* at ¶ 2 (trial court dismissed charges after defendant entered no contest plea).

{¶11} The issue of whether jeopardy attaches when a magistrate accepts a no contest plea and finds a defendant not guilty appears to be one of first impression in this district. In reaching its decision in the present case, the trial court relied on *In re C.B.*, 2d Dist. Montgomery

No. 23615, 2010-Ohio-2129, which interpreted provisions of Juv.R. 40(D) governing proceedings referred to magistrates in juvenile court.

{¶12} The court in *In re C.B.* noted that magistrates are subordinate officers of the trial court whose actions are subject to the review of the trial court judge. *Id.* at ¶ 23-24. The court continued that "a magistrate's decision is 'not effective' unless adopted by the court." *Id.* at ¶ 25, quoting Juv.R. 40(D)(4)(a). If timely objections are filed, the court is obligated to "'undertake an independent review'" and the objections "'operate as an automatic stay'" until the court does so. *Id.*, quoting Juv.R. 40(D)(4)(d) and (e)(i). Consequently, jeopardy does not attach unless and until the trial court finally adopts the magistrate's decision following the consideration of any objections. *See id.* at ¶ 41.

{¶13} The First District has similarly concluded that "[j]eopardy [does] not attach until after the court issue[s] its decision following the requisite independent review [of the magistrate's decision.]" *In re M.M.*, 1st Dist. Hamilton Nos. C-140628, C-140629, C-140630, C-140631, 2015-Ohio-3485, ¶ 21. Likewise, the Eighth District has found that jeopardy did not attach when a magistrate accepted an appellant's admission, but the court did not. *In re T.W.*, 8th Dist. Cuyahoga No. 88818, 2007-Ohio-2775, ¶ 7-8.

{¶14} In the present case, Mr. Lawson was cited with a first-degree misdemeanor traffic violation. A magistrate may generally receive pleas and determine guilt or innocence in nonjury traffic cases. Traf.R. 14(A) and (B). The "[p]roceedings before the magistrate shall be conducted as provided in Criminal Rule 19." Traf.R. 14(C). The provisions in Crim.R. 19(D) mirror the provisions in Juv.R. 40(D). Under Crim.R. 19(D)(4)(a), "[a] magistrate's decision is not effective unless adopted by the court." Although the court may adopt a magistrate's decision prior to the filing of objections, the timely filing of objections "operate[s] as an automatic stay." Crim.R.

19(D)(4)(e)(i). In addition, the court is obliged to "undertake an independent review as to the objected matters." Crim.R. 19(D)(4)(d).

{¶15} This Court is persuaded by the rationale in *In re C.B.*, *In re M.M.*, and *In re T.W.* and finds that rationale equally applicable in the context of Crim.R. 19(D). In addition, the Sixth Circuit has also found that the taking of a plea by a magistrate does not bind the court to accept that plea, and jeopardy attaches only when the court accepts the plea. *United States v. Bearden*, 274 F.3d 1031, 1037-1038 (6th Cir.2001). This reasoning is consistent with our "repeated[]" holding that this Court "review[s] the actions of the trial court, not the actions of the magistrate." (Internal quotation marks and citations omitted.) *State v. Jacobs*, 9th Dist. Summit No. 26667, 2013-Ohio-3797, ¶ 8.

{¶16} In the present action, although the magistrate accepted Mr. Lawson's no contest plea and found him not guilty, the trial court vacated that plea and finding after the State filed objections and it conducted its independent review. When, as here, a defendant's plea is "accepted and then vacated within a single proceeding, [the defendant is] not placed in jeopardy in any meaningful sense." *See In re T.W.* at ¶ 6.

{¶17} Mr. Lawson also argues the trial court erred in its ruling on the State's objections in case number 15TRC04417. Mr. Lawson, however, did not appeal from that ruling. Consequently, that decision is not before this Court for review. *See State v. Mason*, 9th Dist. Summit No. 27715, 2016-Ohio-7081, ¶ 11-15 (concluding that appellate court lacked jurisdiction to review an order in a case that was not appealed); *contrast Blankenship*, 2016-Ohio-5458, at ¶ 4 (wherein the appellant appealed from entries in both the first and the second case).

{¶18} Mr. Lawson's sole assignment of error is overruled.

III.

**{¶19}** Having overruled Mr. Lawson's sole assignment of error, this Court affirms the judgment of the Medina Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, JOHN G. QUILLIN and MEGAN A. PHILBIN, Prosecuting Attorneys, for Appellee.