[Cite as *State v. Tate*, 2020-Ohio-4980.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| -vs- | : |  |
|  | : |  |
| LLOYD TATE | : | Case No. 2019CA0119 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 12CR666N

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 20, 2020

APPEARANCES:

For Plaintiff-Appellee

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

LLOYD TATE PRO SE
Inmate #634-143
Marion Correctional Inst.
Box 57
Marion, OH 43301

*Gwin, J.*

{¶1} Defendant-appellant Lloyd L. Tate appeals the November 26, 2019 Judgment Entry by the Richland County Court of Common Pleas denying his motion to waive court costs.

*Facts and Procedural History*

{¶2} On October 9, 2012, Appellant was indicted on one count of attempted murder, a felony of the first degree; and two counts of felonious assault, one for causing serious physical harm and one for use of a deadly weapon, both felonies of the second degree. A repeat violent offender specification and a vehicle forfeiture specification were attached to each count of the indictment.

{¶3} Following a jury trial, Appellant was found guilty on all three counts in the indictment. The trial court then heard arguments regarding the repeat violent offender specification. The state of Ohio offered Appellant's conviction for robbery from 1989, in Richland County Case No. 89CR165. The trial court found Appellant guilty of the repeat violent offender specifications. The trial court also granted forfeiture of Appellant's truck.

{¶4} The trial court sentenced Appellant to eleven (11) years in prison on the charge of attempted murder and two (2) years on the repeat violent offender specification. The felonious assault charges were found to be allied offenses to the attempted murder charge.

{¶5} On January 25, 2013, Appellant filed a notice of appeal to this Court of his convictions and sentence. On November 21, 2013, in *State v. Tate*, 5th Dist. Richland No. 13 CA 5, 2013–Ohio–5150, this Court affirmed Appellant's convictions, sentence, and repeat violent offender specification finding.

{¶6} On August 29, 2014, Appellant filed a motion for delayed appeal with the Ohio Supreme Court. The motion was denied on October 22, 2014 in *State v. Tate*, 140 Ohio St.3d 1465, 2014–Ohio–4629, 18 N.E.2d 445.

{¶7} On March 23, 2015, Appellant filed with this Court a motion to reopen his direct appeal, which was denied on May 19, 2015. Appellant appealed the denial to the Ohio Supreme Court. The Ohio Supreme Court declined to accept jurisdiction of Appellant's appeal on August 26, 2015.

{¶8} Since that time, Appellant has filed numerous motions and appeals, all of which have been denied.

{¶9} On November 12, 2019, Appellant filed a Motion to Waive Payment of Court Costs and Affidavit of Indigence. By Judgment Entry filed November 26, 2019, the trial court denied the motion.

*Assignment of Error*

{¶10} On September 10, 2019, Appellant filed a document in this Court titled "Appeal of Denial of Motion to Dismiss Court Costs Contrary to Law." This document does not set forth any Assignments of Error as required by App.R. 16. However, in the interests of justice, and after reviewing Appellant's brief including his contentions, we have interpreted his Assignment of Error in the following manner: The trial court erred in dismissing his motion to waive court costs.

*Law and Analysis*

**STANDARD OF APPELLATE REVIEW.**

{¶11} A trial court has discretion to waive the payment of court costs whether a defendant is indigent or not. The trial court's decision regarding whether to waive costs

is, therefore, "reviewed under an abuse-of-discretion standard." *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 13 *citing State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235.

***Issue for Appellate Review:*** *Whether the trial court abused its discretion by denying Appellant's November 12, 2019 motion to waive court costs.*

{¶12} The Ohio Supreme Court has held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8, *superseded by statute as explained in State v. Braden, Ohio Sup. Ct. Nos. 2017-1579 and 2017-1609, 2019-Ohio-4202(Oct. 16, 2019).*

{¶13} In addition, we note the General Assembly amended R.C. 2947.23 by adding the following provision, "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, the Ohio Supreme Court noted that in light of this new provision, a case does not need to be remanded to the trial court in order for the defendant to obtain an order waiving, suspending, or modifying costs. Id. at ¶ 264 –265. *See also, State v. Braden,* Ohio Sup. Ct. Nos. 2017-1579 and 2017-1609, 2019-Ohio-4202(Oct. 16, 2019).

{¶14} In the Judgment Entry overruling Appellant's motion to waive court costs, the trial court found,

> The defendant will not be expected to pay beyond his ability to pay while in prison, but the court does not routinely waive the payment of court costs.

Docket Entry Number 118.

{¶15} We find no abuse of discretion in the trial court's denial of Appellant's motion. Appellant has not presented any facts or circumstances, other than his indigency and the fact that he is not collectible now and likely not in the future, to support his motion. The present or future ability to pay court costs is not a necessary consideration when determining whether to waive costs. The Ohio Supreme Court has recently held that "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." State v. Taylor, —— Ohio St.3d ——, 2020-Ohio-3514, —— N.E.3d ——. *See also, State v. Barnard*, 5th Dist. Muskingum No. CT2019-0088, 2020-Ohio-4858, ¶ 12.

{¶16} Appellant further argues in his filing that the trial court did not impose court costs on the record during his sentencing hearing. Therefore, Appellant contends, the trial court's attempt to impose and to collect those court costs based upon the trial court's assessment of court costs in the Judgment Entry of Conviction and Sentence is void. *Sentencing Entry*, filed Dec. 28, 2012 at page 3. *See*, Docket Entry Number 72.

{¶17} Appellant did not raise this issue in his motion filed in the trial court. However, even if he had properly raised this issue in the trial court, he could not have prevailed.

{¶18} The Ohio Supreme Court has recently rejected the last three decades of the Court's void-sentence analysis, and returned to the traditional understanding of the distinction between void and voidable sentences. In *State v. Henderson,* Slip Opinion No. 2020-Ohio-4784(Oct., 2020), the Court held,

A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a post-conviction motion.

*Henderson,* ¶43. The court observed,

There is no dispute that the trial court's sentence was unlawful. Former R.C. 2929.02(B), Am.Sub.S.B. No. 107, 157 Ohio Laws, Part IV, 7435, required that Henderson receive an indefinite sentence of 15 years to life, and the court failed to impose that sentence. The state had a full and fair opportunity to object to or challenge the trial court's sentence. It did not. In fact, it did not seek to correct the error for almost 12 years, and it then waited 6 more years before filing the motion at issue in this appeal. Because the sentencing error rendered the sentence voidable, the state's attempt to correct the error in a postconviction motion for resentencing was improper.

*Henderson*, ¶ 40.

{¶19} In the case at bar, Appellant had a full and fair opportunity to challenge the trial court's imposition of court costs. Appellant has waited over seven years before filing the motion in the trial court.  Because any error in the manner in which the trial court imposed court costs in Appellant's case rendered the sentence voidable, Appellant's attempt to correct the error in a postconviction motion to dismiss court costs is improper. Accordingly, the trial court did not err in dismissing the Appellant's motion.

{¶20} Appellant's Assignment of Error is overruled.

{¶21} The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, John, J., concur