[Cite as *State v. Ling*, 2020-Ohio-6889.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT/
    CROSS-APPELLEE,
                            CASE NO.  9-20-07

    v.

TIANA LING,

                                   O P I N I O N

    DEFENDANT-APPELLEE/
    CROSS-APPELLANT.

Appeal from Marion County Municipal Court
Trial Court No. TRC 1902354 ABC

Cross-Appeal Dismissed, Judgment Reversed and Cause Remanded

Date of Decision:   December 28, 2020

APPEARANCES:

    *Jeff Ratliff* for Appellant

    *Blaise Katter* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant/cross-appellee the City of Marion ("the City") brings this appeal from the judgment of the Marion Municipal Court dismissing the charges against defendant-appellee/cross-appellant Tiana Ling ("Ling"). On appeal, the City claims that the trial court erred in granting the motion to dismiss. Ling filed a cross-appeal as well claiming that if the matter is reversed, her motion to suppress should be granted. For the reasons set forth below, the judgment of the trial court is reversed and the matter is remanded back to the trial court. The cross-appeal is dismissed.

{¶2} On September 27, 2018, Ling was stopped by State Trooper Overly ("Overly") for failing to use her turn signal. Tr. 8. Overly also testified that he observed Overly's vehicle weaving within her lane of travel. Tr. 9. When speaking with Ling, Overly noted that she was confused regarding her location, and was unable to locate the vehicle registration and insurance form which were right in front of her. Tr. 10. An odor of an alcoholic beverage was emanating from the vehicle. Tr. 10. Overly also noted that Ling's speech was slurred and that her eyes appeared red and glassy. Tr. 11. Overly asked Ling to have a seat in the patrol car where he detected an odor of an alcoholic beverage on her breath. Tr. 14-15. Ling then admitted to drinking one or two beers, though later admitted to drinking four beers. Tr. 15. Ling then took various field sobriety tests which indicated she was impaired.

Tr. 45. Overly arrested Ling and transported her to the Multi County Correctional Center ("MCCC"). Tr. 20, 41.

{¶3} After arriving at MCCC, the BMV 2255 form was read and witnessed by Officer Shane Clark. Tr. 20-21, 43. Due to the Intoxilyzer 8000 machine not functioning, Overly requested Ling submit to a urine test. Tr. 21, 25-26. Although there was video taken of the booking area at the jail, it was deleted after 60 days. Tr. 42. The urine sample was collected by Officer Ashley Wilson at MCCC. Tr. 21, 25-26. After collection, Overly sent the urine specimen to the Ohio State Highway Patrol Crime Lab through the U.S. Mail. Tr. 27. Ling was released to a sober individual pending the test results. Tr. 28, 54. No citation was issued that evening. Tr. 28.

{¶4} On October 4, 2018, Ling's test results came back, though Overly did not recall when he received them. Tr. 29, 45-46. Overly eventually completed a citation charging Ling with two OVIs in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(e) and one turn signal violation pursuant to R.C. 4511.39. Doc. 1. In November and December of 2018, Overly attempted to contact Ling by phone without success. Tr. 30. In January of 2019, Overly drove to Ling's home, but did not make contact. *Id.* No attempt to make contact through either certified mail or summons was attempted and Overly did not request assistance from the Morrow County Sheriff's Office. Tr. 47-48. On April 2, 2019, Overly filed an affidavit in support of a request for a warrant with the BMV 2255 form being filed on April 11,

2019.  Doc. 4, 2.  The trial court issued the arrest warrant on April 12, 2019.  Doc. 3.  Ling was arrested on June 18, 2019.  Doc. 6.  On October 21, 2019, Ling filed two motions to suppress.  Doc. 28, 29.  On November 21, 2019, Ling filed a motion to dismiss.  Doc. 32.  The parties stipulated that the video from MCCC was no longer available as it had been deleted and was not retrievable.  Doc. 33.  A hearing was held on the motion to dismiss and one of the two motions to suppress on January 6, 2020.  Doc. 45.  On February 24, 2020, the trial court granted the motion to dismiss, finding that the six month delay from the offense and the prosecution was not justified, thus denying Ling due process.[1]  *Id.*  The trial court did determine that Overly had a reasonable, articulable suspicion for the stop, probable cause for the arrest, and that Overly had consented to providing the urine sample, so a warrant was not necessary.  *Id.*

{¶5} On February 25, 2020, the City filed a notice of appeal.  Doc. 46.  Ling filed a notice of cross-appeal on March 6, 2020.  Doc. 52.  On appeal, the City raises the following assignment of error.

**The trial court committed reversible error when it granted [Ling's] motion to dismiss.**

On cross-appeal, Ling raises the following assignment of error.

**The trial court erred when it found the warrantless urine test was not obtained in violation of the Fourth Amendment of the United States Constitution or Article 1, Section 10 of the Ohio Constitution.**

---

[1] The turn signal violation was dismissed as being outside the statute of limitations and is not a subject of this appeal.

*Motion to Dismiss*

**{¶6}** The City claims that the trial court erred in dismissing the charge for denying Ling due process by the delay in prosecution. "Government action violates due process only if it 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, ¶ 29, 68 N.E.3d 790 quoting *Medina v. California*, 505 U.S. 437, 445, 112 S.Ct. 2572, 120 L.Ed.2d 353. An unjustified delay between the commission of an offense and the time a charge is brought, which results in actual prejudice to the defendant violates the U.S. and the Ohio Constitution. See *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus (holding that an unjustified delay between the commission of an offense and an indictment violates due process rights). A defendant must first show evidence of substantial prejudice resulting from the delay. *State v. Tullis*, 10th Dist. Franklin No. 04AP-333, 2005-Ohio-2205, ¶ 14. Once a defendant has done so, the burden shifts to the State to provide evidence that justifies the delay. *State v. Whiting*, 84 Ohio St.3d 215, 1998-Ohio-575, 702 N.E.2d 1199. "Proof of actual prejudice to the defendant must be specific and non-speculative; the defendant bears the burden of demonstrating the exculpatory value of the evidence of which he was deprived due to the delay." *Tullis, supra*.

{¶7} Here, Ling argues that she was prejudiced by the fact that the delay in charging her caused the video footage of what happened at MCCC to be deleted. Both sides have stipulated to the fact that the video footage was deleted after 60 days and cannot be retrieved. Doc. 33. However, at the hearing, Ling presented no evidence as to what the video would have shown that resulted in substantial prejudice to Ling's case. At best, the questions asked and the arguments made by counsel for Ling speculated as to what may have been on the video and its potential use. While this Court understands the frustration of the defense with the long delay[2] and trying to prove prejudice of missing evidence that you never saw, the moving party bears the burden of showing evidence of substantial prejudice. That did not occur in this case. Since Ling's evidence was speculative at best, she failed to provide evidence of substantial prejudice, and the burden never shifted to the State to provide justification for the delay. The trial court erred by granting the motion to dismiss. The State's assignment of error is sustained.

*Warrantless Search*

{¶8} In her cross-appeal, Ling claims that the trial court erred by finding that the warrantless collection of her urine for analysis was permissible. This cross-appeal comes from a ruling on a motion to suppress. Generally, a motion to suppress is a provisional remedy that is not immediately reviewable. R.C. 2505.02. The

---

[2] The trial court found that the State's delay in prosecution was without justification. We do not rule on that finding.

denial of a motion to suppress is only subject to immediate review if it 1) decides the action and prevents judgment in favor of the appealing party and 2) the appealing party would not be afforded a meaningful or effective remedy by a later appeal. R.C. 2505.02(B). Here, the matter is being remanded and another motion to suppress is still outstanding. The effect of reversing the judgment of dismissal is that the ruling on the motion to suppress is again relevant. However, that ruling is a provisional one, not currently a final appealable order. R.C. 2505.02(A)(3). Thus this Court lacks the jurisdiction to consider the merits of it. For this reason, the cross-appeal is dismissed.

{¶9} Having found error prejudicial to the State in the particulars assigned and argued as to the dismissal of the case, the judgment of the Marion Municipal Court is reversed and the matter is remanded for further proceedings. The cross-appeal is dismissed.

*Cross-Appeal Dismissed,*
*Judgment Reversed and*
*Cause Remanded*

**PRESTON and ZIMMERMAN, J.J., concur.**