[Cite as *State v. Battigagliia*, 2021-Ohio-1651.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Appellee<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |

STATE OF OHIO

    Appellee

-vs-

ROMERO BATTIGAGLIA

    Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2020 CA 00144

O P I N I O N


CHARACTER OF PROCEEDING:    Criminal Appeal from the Canton Municipal
Court, Case Nos. 2009 CRB 04467 and
2009 TRC 07560


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 12, 2021


APPEARANCES:

For Appellee               For Appellant

KRISTEN BATES AYLWARD    ROMERO BATTIGAGLIA, PRO SE
CANTON LAW DIRECTOR       LONDON CORR. INSTITUTION
JASON P. REESE              1580 State Route 56 SW
CANTON CITY PROSECUTOR   London, Ohio  43130
SETH A. MARCUM
ASSISTANT CITY PROSECUTOR
218 Cleveland Avenue, SW
Canton, Ohio  44702

*Wise, John, J.*

{¶1} Appellant Romero Battigaglia appeals the judgments entered by the Canton Municipal Court denying his Motion to Vacate Void Judgment entered on September 8, 2020. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant was charged with Driving While Under the Influence of Alcohol or Drugs (OVI) in violation of R.C. 4511.19, Driving Under Suspension or Violation of License Restriction in violation of R.C. 4510.11, Leaving the Scene in violation of R.C. 4549.02, Signals Before Changing Course in violation of R.C. 4511.39, and Endangering Children in violation of R.C. 2919.22.

{¶3} On October 6, 2009, a pretrial hearing was held. At the hearing, Appellant appeared with Attorney Matthew Kuhn and entered a plea of No Contest to all counts.

{¶4} On October 6, 2009, the Canton Municipal Court sentenced Appellant to costs associated with each count, 180 days in jail for the Endangering Children, $625 and 180 days in jail for OVI, 180 days in jail for Driving Under Suspension or Violation of License Restriction, 180 days in jail for Leaving the Scene, and no jail time for Signals Before Changing Course. All jail sentences are to be served concurrent to each other. Appellant did not directly appeal the judgment entry of October 6, 2009.

{¶5} Separately, on September 17, 2009, Appellant was charged in the Portage County Court of Common Pleas with OVI in violation of R.C. 4511.19, Driving Under Suspension or Violation of License Restriction in violation of R.C. 4510.11, Reckless Operation in violation of R.C. 4511.20, Hit Skip in violation of R.C. 4549.021, Stopping

After Accident in violation of R.C. 4549.02. Appellant entered a plea of not guilty to all charges.

{¶6} On September 22, 2009, Appellant was appointed a Public Defender.

{¶7} On January 15, 2010, the Portage County Prosecutor dismissed all charges filed on September 17, 2009.

{¶8} On February 23, 2010, Appellant was charged in the Portage County Court of Common Pleas with Failure to Comply with an order from a police officer in violation of R.C. 2921.331, Vandalism in violation of R.C. 2909.05, Grand Theft in violation of R.C. 2913.02, Endangering Children in violation of R.C. 2919.22, Failure to Stop After Accident in violation of R.C. 4549.02, and Driving Under Suspension in violation of R.C. 4510.11, OVI in violation of R.C. 4511.19.

{¶9} On March 19, 2010, Appellant was appointed a Public Defender.

{¶10} On May 4, 2010, Appellant, in the presence of counsel, entered a plea of guilty to Failure to Comply with an Order or Signal of a Police Officer, a felony in the third degree; Endangering Children, a misdemeanor in the first degree; and OVI, a misdemeanor in the first degree.

{¶11} On September 4, 2020, Appellant filed a Motion to Vacate Void Judgment on the ground of "double jeopardy" and that he was not afforded his Sixth Amendment right to have the "assistance of counsel."

{¶12} On September 8, 2020, the trial court denied Appellant's Motion to Vacate Void Judgment.

## ASSIGNMENTS OF ERROR

{¶13} On October 5, 2020, Appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, BY FAILING TO DETERMINE APPELLANT'S ELIGIBILITY FOR COURT APPOINTED COUNSEL AND PROVIDING COURT APPOINTED COUNSEL TO APPELLANT, IN VIOLATION OF APPELLANT'S RIGHTS PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS.

{¶15} "II. THE TRIAL COURT COMMITTED PLAIN ERROR, REVERSIBLE ERROR, TO THE PREJUDICE OF APPELLANT WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA WITHOUT FIRST DETERMINING WHETHER THE CRIMES CHARGED CONSTITUTED DOUBLE JEOPARDY.

{¶16} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ACTUALLY CONSIDER APPELLANT'S ARGUMENTS PRESENTED IN HIS MOTION TO VACATE VOID JUDGMENT, THE TRIAL COURT FURTHER ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER TRANSCRIPTS TO SUPPORT APPELLANT'S CLAIMS."

### I., II., III.

{¶17} In Appellant's Assignments of Error, Appellant argues the trial court erred by denying his Motion to Vacate Void Judgment because he was not represented by counsel, and that his prosecution in this matter was barred by the Double Jeopardy Clause of the United States and State of Ohio's Constitution. We disagree.

{¶18} When reviewing the denial of a motion to dismiss an indictment on the ground of double jeopardy, we apply a de novo standard of review. *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶20.

{¶19} The Ohio Supreme Court has clarified the distinction between void and voidable sentences. In *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶43, the Court held,

> A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a post-conviction motion.

{¶20} The Supreme Court observed,

> There is no dispute that the trial court's sentence was unlawful. Former R.C.2929.02(B), Am.Sub.S.B. No. 107, 157 Ohio Laws, Part IV, 7435 required that Henderson receive and indefinite sentence of 15 years to life, and the court failed to impose that sentence. The state had a full and fair opportunity to object to or challenge the trial court's sentence. It did not. In fact, it did not seek to correct the error for almost 12 years, and it then waited 6 more years before filing the motion at issue in this appeal. Because the sentencing error rendered the sentence voidable, the state's attempt to correct the error in a postconviction motion for resentencing was

improper. *Henderson* at ¶40. *See also, State v. Tate*, 5th Dist. Richland No. 2019CA119, 2020-Ohio-4980.

{¶21} In the case *sub judice*, Appellant had a full and fair opportunity to challenge the voidable sentence on direct appeal. Appellant waited over ten years before filing the motion in the trial court. Because any alleged error in the manner in which the trial court accepted Appellant's plea of no contest rendered the sentence voidable, Appellant's attempt to correct the error in a post-conviction motion is improper. Accordingly, the trial court did not err in denying Appellant's Motion to Vacate Void Judgment.

{¶22} Appellant's First, Second, and Third Assignments of Error are overruled.

{¶23} For the foregoing reasons, the judgments of the Court of Common Pleas of Stark County, Ohio, are hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/br 0510