[Cite as *State v. Allenbaugh*, 2021-Ohio-2177.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>        Plaintiff-Appellee,<br><br>- v -<br><br>MARK H. ALLENBAUGH,<br><br>        Defendant-Appellant. | CASE NO. 2020-A-0048<br><br>Criminal Appeal from the<br>Municipal Court<br><br>Trial Court No. 2017 TRD 04031 |

## O P I N I O N

Decided: June 28, 2021
Judgment: Affirmed

*Michael Franklin*, Ashtabula City Solicitor, and *Lori B. Lamer*, Assistant City Solicitor, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Mark H. Allenbaugh*, pro se, 2934 Shirley Street, Ashtabula, OH 44004 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Mark H. Allenbaugh, appeals the denial of his Omnibus Motion to Dismiss by the Ashtabula Municipal Court. For the following reasons, we affirm the decision of the court below.

{¶2} On December 10, 2018, following a bench trial, Allenbaugh was found guilty of speeding in a school zone and fined fifty dollars. Allenbaugh appealed to this court and raised the following assignments of error:

[1.] The trial court committed prejudicial error in allowing the State to

name its expert after the expiration of the deadline mandated by the Rule of Criminal Procedure 16(K), which required a showing of both good cause and lack of prejudice to defendant.

[2.] The trial court committed prejudicial error by proceeding with the *Daubert* hearing without the presence of the defendant as required by Rule of Criminal Procedure 10(B) and the Sixth Amendment of the U.S. Constitution.

[3.] The verdict was against the weight of the evidence.

{¶3} On January 13, 2020, this court rendered its decision in *State v. Allenbaugh*, 2020-Ohio-68, 151 N.E.3d 50 (11th Dist.). With respect to the first assignment of error, this court found no abuse of discretion in the municipal court's decision to allow the State's expert to testify at the *Daubert* hearing: "Allenbaugh knew that the purpose of the hearing was to determine the scientific reliability of the TruSpeed Laser, knew that Kilgallin was going to testify that it was scientifically reliable, and was afforded abundant time to prepare counterarguments." *Id.* at ¶ 35. Under the second assignment, however, we found the court's decision to proceed with the *Daubert* hearing in Allenbaugh's absence was reversible error: "Allenbaugh's absence at the Daubert hearing deprived him of a fair and just hearing inasmuch as his conviction was based on Trooper Balcomb's laser reading of his speed and that testimony would not have been admissible but for the foundation laid at the November 1, 2018 hearing." *Id.* at ¶ 46. The third assignment of error, challenging his speeding conviction as being against the weight of the evidence, was deemed moot. *Id.* at ¶ 49. For these reasons, "Allenbaugh's conviction for speeding in a school zone [was] reversed and [the] matter [was] remanded for further proceedings consistent with [the] opinion." *Id.* at ¶ 51.

{¶4} Allenbaugh's retrial was scheduled for November 12, 2020.

2

{¶5}    On September 25, 2020, Allenbaugh filed an Omnibus Motion to Dismiss, and in the Alternative Demand for Speedy Trial and Discovery.   In relevant part, Allenbaugh sought the dismissal of the action with prejudice on the grounds that "[t]he Double Jeopardy clause of the Fifth Amendment to the U.S. Constitution * * * forbid[s] retrial of this matter."

{¶6}    On October 5, 2020, the municipal court denied the Omnibus Motion and rescheduled trial for October 20, 2020.

{¶7}    On October 9, 2020, Allenbaugh filed a Notice of Appeal.  This court stayed the scheduled retrial during the pendency of the appeal.

{¶8}    On appeal, Allenbaugh raises the following assignment of error: "The trial court erred when it denied Mr. Allenbaugh's Omnibus Motion to Dismiss on double jeopardy grounds."

{¶9}    "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense."  *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14.   The protections afforded by each Constitution have been deemed "coextensive" by the Ohio Supreme Court.  *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7.

{¶10}   "Appellate courts apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy."  *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶ 20.

{¶11}   Allenbaugh argues that he was entitled to a dismissal of the charge because "the State failed to produce its expert's written report as required by Rule of Criminal

3

Case No. 2020-A-0048

Procedure 16(K) prior to the initial trial, failed to call its expert at that trial, and there was otherwise insufficient evidence to sustain the verdict." Appellant's brief at 12.

{¶12} The Ohio Supreme Court has explained the circumstances in which retrial is barred following a reversal for insufficient evidence as follows:

> The protection [against double jeopardy] has been extended further to prevent retrial after an appellate court determines that the evidence presented at trial was insufficient to convict. The "ordinar[y]" rule is that the double-jeopardy guarantee "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). But when an appellate court reverses for insufficiency of the evidence, the Double Jeopardy Clause bars retrial. *Id.* at 39; *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 18. The rationale is that "[b]ecause the Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense, it ought to do the same for the defendant who obtains an appellate determination that the trial court *should* have entered a judgment of acquittal." (Emphasis sic.) *Lockhart* at 39.
>
> In contrast, when an appellate court's reversal is based on "trial error"—for example, an erroneous admission of evidence—the Double Jeopardy Clause does not bar retrial. *Lockhart* at 40; *Brewer* at ¶ 18. This is because, unlike a finding that the government failed to affirmatively prove its case, a reversal based on trial error simply means that the defendant "has been convicted through a judicial *process* which is defective in some fundamental respect." *Brewer* at ¶ 18, quoting *Lockhart* at 40 (cleaned up).

*Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, 122 N.E.3d 151, ¶ 10-11.

{¶13} Contrary to Allenbaugh's position, the reversal of his conviction in the prior appeal was not based on insufficient evidence but, rather, a defect in the judicial process or "trial error." As noted above, that defect was the holding of the *Daubert* hearing to determine the accuracy and scientific reliability of the laser speed detection device in

4

Allenbaugh's absence. The defect was a violation of due process relevant to the admissibility of evidence and not the sufficiency of the evidence necessary to convict. *Allenbaugh*, 2020-Ohio-68, at ¶ 43 ("[i]n the context of laser and radar speed-detection devices, expert testimony is only required to establish a foundation for the admissibility of the speed reading, whereas the actual reading must be established by a qualified officer's testimony that the device was functional, duly tested, and properly used").

{¶14} This conclusion is consistent with the position taken by this court in treating Allenbaugh's Application for Reconsideration filed in Appeal No. 2019-A-0017. Therein Allenbaugh asked this court to "reconsider its finding of mootness and instead find there was insufficient evidence to sustain the verdict and vacate Mr. Allenbaugh's conviction." This court denied the Application, affirming that "there has been no dismissal or acquittal" in the matter and, furthermore, that we "decline[d] to consider [his] arguments regarding the evidence presented at trial." *State v. Allenbaugh*, 11th Dist. Ashtabula No. 2019-A-0017, Judgment Entry dated February 13, 2020.

{¶15} In no sense, then, can it be claimed that there has been a determination of insufficient evidence to sustain Allenbaugh's conviction so that double jeopardy would prevent retrial.

{¶16} Allenbaugh raises other arguments on appeal that are not properly before this court and/or it would otherwise be inappropriate to consider.

{¶17} Allenbaugh argues that the Ex Post Facto Clause of the United States constitution bars the application of the Ohio Supreme Court's decision in *Brook Park v. Rodojev*, 161 Ohio St.3d 58, 2020-Ohio-3253, 161 N.E.3d 511, to his case. Stated otherwise, the State is still required in the present case to establish the scientific reliability

5

and accuracy of the TruSpeed Laser before the results may be introduced at trial. As yet, the municipal court has not made any determination regarding the applicability of *Rodojev* and, if it had, that determination would not be appealable as an interlocutory order.

{¶18} Conversely, Allenbaugh argues that the Ohio Supreme Court's decision in *State v. Boaston*, 160 Ohio St.3d 46, 2020-Ohio-1061, 153 N.E.3d 44, does apply to this case and, in effect, overrules this court's holding in the prior appeal that the municipal court did not err by allowing the State's witness to testify at the *Daubert* hearing, despite the witness' failure to produce an expert report as required by Criminal Rule 16(K). Again, the municipal court has not issued any ruling directly addressing the applicability of *Boaston* and/or whether Kilgallin may testify in the future. Moreover, these issues are not relevant to the issue of double jeopardy, despite Allenbaugh's claim that "*Boaston* mandates that there was insufficient evidence introduced at the trial below thereby precluding retrial on Double Jeopardy grounds." Appellant's reply brief at 6.

{¶19} Allenbaugh's arguments rest on the presumption that, when determining whether sufficient evidence to support a conviction existed for the purposes of determining whether double jeopardy applies, only properly admitted evidence should be considered. According to Allenbaugh, then, this court erred by not considering the sufficiency of the evidence in the prior appeal inasmuch as there would have been insufficient evidence without the evidence of his speed derived from the TruSpeed Laser. The Ohio Supreme Court, however, has expressly rejected this position.

{¶20} In *Brewer*, the Supreme Court held: "When evidence admitted at trial is sufficient to support a conviction, but on appeal, some of that evidence is determined to have been improperly admitted, the Double Jeopardy Clauses of the United States and

6

Ohio Constitutions will not bar retrial." *Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at syllabus. In so holding, the Court chose to expressly follow the United States Supreme Court's decision in *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), in which it was held that "the Double Jeopardy clause does not bar retrial when all the evidence admitted by the trial court is sufficient to support a guilty verdict." *Brewer* at ¶ 13, citing *Lockhart* at 40-41. The Court further explained that, when sufficient evidence is presented at trial to support a conviction, "the state [is] entitled to rely upon the trial court's evidentiary ruling in deciding how to present its case on that charge" so that jeopardy does not attach in the event that the evidence is subsequently determined to have been admitted in error. *Id.* at ¶ 26.

{¶21} Therefore, the holding that the municipal court erred in determining that a foundation had been laid for the admission of the results of the TruSpeed Laser, regardless of whether the error was based on Allenbaugh's absence from the *Daubert* hearing or Kilgallin's failure to submit an expert report, does not invoke the protections of the double jeopardy clauses.

{¶22} The sole assignment of error is without merit.

{¶23} For the foregoing reasons, the decision of the Ashtabula Municipal Court to deny Allenbaugh's Omnibus Motion to Dismiss is affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

7

Case No. 2020-A-0048